[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 27, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 04-12826

D. C. Docket No. 04-80216 CV-JIC

ROBERT WEXLER, Congressman,
ADDIE GREENE, Commissioner, et al.

Plaintiffs-Appellants,

versus

THERESA LEPORE, Supervisor of Elections for
Palm Beach County, KAY CLEM, Supervisor
of Elections for Indian River County, Florida and
President of the Florida Association of Supervisors
of Elections, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 27, 2004)**

Before EDMONDSON, Chief Judge, FAY, Circuit Judge, and CORRIGAN*,
District Judge.

_____
* Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

Citing the Younger doctrine, the district court abstained from exercising its jurisdiction to hear Appellants' constitutional challenge to the method of recounting electoral votes in fifteen Florida counties. We vacate that decision and remand for a consideration of the merits.

## BACKGROUND

Plaintiff-Appellant Wexler filed two actions challenging the recount system in fifteen Florida counties. The first, filed in a Florida state court on 16 January 2004, asserted claims exclusively under Florida law.[1] Plaintiff-Appellant Wexler, along with Appellants Greene, Aaronson and Fransetta filed this action in the district court on 8 March 2004. The federal suit alleges violations of the United States Constitution and is brought under 42 U.S.C. § 1983.

The same facts underlie both actions. Fifteen Florida counties use a paperless, touchscreen method of voting. As is alleged, these touchscreen systems

---

[1] Citing a lack of standing, the state trial court dismissed Appellant Wexler's state law claim with prejudice. The District Court of Appeals for the Fourth District reversed on the standing issue, but it has affirmed the dismissal of Wexler's state claims as moot and for failure to establish a likelihood of success on the merits. Wexler v. Lepore, No. 4D04-918, 2004 WL 1753408 at *1 (Fla. App. 4 Dist. Aug. 6, 2004).

do not produce a paper record of votes. Accordingly, the fifteen counties where they are employed lack a manual recount procedure, which is available in Florida's remaining fifty-two counties. In the federal claim, Plaintiffs allege this "non-uniform, differential standard" violates their rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.[2] Citing the Younger doctrine, the district court abstained from hearing Appellants' constitutional challenge, and it dismissed Appellants' suit.[3]

## STANDARD OF REVIEW

We review a district court's decision to abstain from exercising its jurisdiction for an abuse of discretion. 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). An error of law constitutes an abuse of discretion. Major League Baseball v. Crist, 331 F.3d 1177, 1183 (11th Cir. 2003) (citing United States v. Pruitt, 174 F.3d 1215, 1219 (11th Cir. 1999)).

---

[2]In the state court action, Wexler only asserted violations of Florida law.
[3]The district court rejected Appellees' arguments under the Pullman and Colorado River doctrines. Railroad Comm'n v. Pullman, Co., 61 S. Ct. 643 (1941); Colo. River Water Conservation Dist. v. United States, 96 S. Ct. 1236 (1976). Appellee-Defendants did not cross-appeal that portion of the lower court's decision; we do not consider those doctrines here.

DISCUSSION

In <u>Younger</u>, the Supreme Court acknowledged that "Our Federalism" values

> the notion of 'comity,' that is, a proper respect for state functions, a recognition . . . that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

<u>Younger v. Harris</u>, 91 S. Ct. 746, 750 (1971).[4]

Federal courts should abstain from exercising their jurisdiction if doing so would "disregard the comity between the States and the National Government." <u>Pennzoil Co. v. Texaco, Inc.</u>, 107 S. Ct. 1519, 1526 (1987). While such abstention "espouses a strong federal policy," <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 102 S. Ct. 2515, 2521 (1982) ("<u>Middlesex</u>"), it remains "the exception, not the rule" to the federal courts' "virtually unflagging" duty "to adjudicate claims within their jurisdiction." <u>New Orleans Pub. Serv., Inc. v.</u>

---

[4] In <u>Younger</u>, a federal plaintiff challenged the constitutionality of a state statute under which he was being prosecuted as a defendant. The Court abstained from hearing plaintiff's claim, concluding that a sufficient state forum existed for the plaintiff to raise his constitutional defense. <u>Younger</u>, 91 S. Ct. at 755.

4

Council of the City of New Orleans, 109 S. Ct. 2506, 2513 (1989) (citations omitted) ("NOPSI").

As in Younger itself, the doctrine usually applies in cases involving criminal prosecution or the criminal justice system. See, e.g., Rizzo v. Goode, 96 S. Ct. 598, 608-9 (1976) (reversing lower court's decision to "[inject] itself by injunctive decree into the internal disciplinary affairs" of municipal and police agencies); O'Shea v. Littleton, 94 S. Ct. 669, 678 (1974) (rejecting challenge to state criminal justice system "aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials"); Luckey v. Miller, 976 F.2d 673, 677-78 (11th Cir. 1992) (abstaining from attempt to "restrain every indigent prosecution and contest every indigent conviction until the systemic improvements [plaintiffs] seek are in place"). See also Colo. River Water Conserv. Dist. v. United States, 96 S. Ct. 1236, 1245-46 (1976) (describing Younger abstention as limited to restraining state criminal proceedings).

Early on, however, the Court said that Younger abstention can apply to pending civil proceedings that are "akin to a criminal prosecution." Huffman v. Pursue, Ltd., 95 S. Ct. 1200, 1208 (1975) (nuisance statute). See also Middlesex, 102 S. Ct. at 2518 (state bar disciplinary hearing). Later, the Court applied Younger in a strictly civil context. Pennzoil Co. v. Texaco, Inc., 107 S. Ct. 1519,

1526 (1987). In Pennzoil Co., the state court defendant failed to raise its constitutional challenge to Texas's judgment lien and appeal bond provisions. The Supreme Court said abstention was proper because (1) the state system was qualified to hear the constitutional defense; and (2) an injunction would interfere with "the execution of state judgments, . . . [and] the very process by which those judgments were obtained." Id. at 1527.

The Supreme Court's most recent decision under Younger illustrates that the abstention doctrine is not triggered unless the federal injunction would create an "undue interference with state proceedings." NOPSI, 109 S. Ct. at 2513 (citing Younger, 91 S. Ct. at 751). In addition, the state proceedings at issue must involve "certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." Id. at 2518.

With these precedents in mind, we turn to the exact question presented here: should the district court have abstained under Younger just because of a pending state civil action where Appellants raised exclusively state law claims arising from the same facts at issue in the federal action? We conclude the answer is "no."

First, we find no federal authority supporting the proposition that federal claims that might be supported by the same alleged facts must be raised by state plaintiffs in cases arising under state law in state courts. Instead, we recall the Supreme Court's reasoning from 1964: "[t]here are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims can be compelled . . . to accept instead a state court's determination of those claims." England v. La. State Bd. of Med. Examiners, 84 S. Ct. 461, 464 (1964).[5] We recently wrote that "generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1328 (11th Cir. 2004) (quoting Colorado River).

Second, we have found no binding precedent requiring federal plaintiffs to raise federal claims in pending state court proceedings where they are also plaintiffs. Abstention might be more appropriate when the federal plaintiff, as a

[5] This reasoning is even more compelling in the light of the Florida Appellate Court's dicta: "The [state trial] court, however, indicated any attempt to amend the complaint to raise a cognizable constitutional claim would be futile. In essence, the court implied a failure to state a cause of action for declaratory relief." Wexler, 2004 WL 1753408 at *3. No federal constitutional claims were litigated in the state court. At oral argument, Appellees suggested that, now that the state appellate court has ruled in favor of defendants in the state court action, the Rooker-Feldman doctrine may apply to bar this federal action. We disagree that the Rooker-Feldman doctrine applies to the circumstances of this case.

defendant in state court, chose not to assert a constitutional *defense*. Abstention in those cases acknowledges state courts' ability to entertain constitutional issues. See, e.g., Younger, 91 S. Ct. at 746; Huffman, 95 S. Ct. at 1200; Middlesex, 102 S. Ct. at 2515; Pennzoil Co., 107 S. Ct. at 1519. See also, News-J, Corp. v. Foxman, 939 F.2d 1499, 1500 (11th Cir. 1991) (affirming abstention when entities subject to state court gag-rule raised constitutional issues in pending state court claim).

Third, we do not accept that the existence of a parallel state court action would warrant abstention in federal court, unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions. See, e.g., Rizzo, 96 S. Ct. at 608-9 (refusing to grant injunctive relief regarding "the internal disciplinary affairs" of municipal and state agencies); O'Shea, 94 S. Ct. at 679 (rejecting "continuous supervision" of future criminal trial proceedings). We abstained in such situations. See, e.g., 31 Foster Children, 329 F.3d at 1278-79 (addressing relief that would take "responsibility for a state's child dependency proceedings away from state courts and [put] it under federal court control"); Miller, 976 F.2d at 677-79 (abstaining when requested relief would, "inevitably, interfere with every state criminal proceeding").[6]

---

[6] Appellees rely on <u>Ambrosia Coal & Constr. Co. v. Morales</u>, 368 F.3d 1320 (11th Cir. 2004). <u>Ambrosia</u> addressed <u>Colorado River</u> abstention; this case turns on <u>Younger</u> analysis, because the

Other circuits have reached the same conclusion on the same issue before us that we do today. The Younger doctrine does not require abstention merely because a federal plaintiff, alleging a constitutional violation in federal court, filed a claim under state law, in state court, on the same underlying facts. See Rogers v. Desiderio, 58 F.3d 299, 301 (7th Cir. 1995); Marks v. Stinson, 19 F.3d 873, 882 (3rd Cir. 1994); Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 30 (6th Cir. 1984). As recognized, the exercise of federal jurisdiction in such a circumstance would not prevent the state court from exercising its jurisdiction just as a state court's ruling against the parties who are federal plaintiffs would not offend the federal courts.

To determine whether Younger abstention was proper, the district court considered whether the federal action before it would interfere with the ongoing state action. See Wexler v. Lepore, 319 F. Supp. 2d 1354, 1361-63 (S.D. Fla. 2004).[7] It answered that question in the affirmative. The district court concluded that the relief sought by Appellants would directly interfere with the state proceeding: seemingly by potentially rendering moot the state proceeding. Id. We

Colorado River issue is not before this Court.

[7] 31 Foster Children, decided after NOPSI, considered the first element of the Middlesex test a potentially dispositive threshold inquiry for Younger analysis. As we said there, "[i]f there is no interference, then abstention is not required." 329 F.3d at 1276.

conclude that this determination constituted an error of law: without showing an *undue* interference on state proceedings, abstention is not permitted. NOPSI, 109 S. Ct. at 2513 (citing Younger, 91 S. Ct. at 751); 31 Foster Children, 329 F.3d at 1276.

We interpret the Younger doctrine as preventing federal courts from being the grand overseers of state courts and court-like administration. The "comity" Justice Black wrote of is mostly a comity between state courts and federal courts; and just as the Florida state court action could have mooted this federal court action, the same is true in reverse. A dispositive decision by either court does not offend the respectful relationship between state and federal courts, nor would it place the district court in the role of supervisor of state litigation or the state court. As presented here, an exercise of jurisdiction by the district court merely preserves the federal forum for federal claims raised by plaintiffs in a federal proceeding, although a similar state action was also filed. Most important, if the injunctive relief Plaintiff-Appellants request is granted, the result will not be the kind of federal takeovers at issue in 31 Foster Children or Miller.

As indicated in NOPSI, "the federal court's disposition of such a case may well affect, or for practical purposes preempt, a future – or as in the present circumstances, even a pending – state-court action. But there is no doctrine that

10

the availability or even the pendency of state judicial proceedings excludes the federal courts." NOPSI, 109 S. Ct. at 2521. Like that case, a decision in the instant federal case might, as a practical matter, lead to a state proceeding's coming to an end, but on entirely different grounds than those raised – or could have been raised as a *defense* – in the state action when it was filed.

Thus, the parallel proceedings brought by Appellant Wexler do not present the "undue interference" in state court proceedings necessary to apply Younger. NOPSI, 109 S. Ct. at 2513. Nor would a federal injunction of the kind sought in this case, usurp the state courts' ability to "perform their judicial functions." Id. at 2518. See also Pennzoil Co., 107 S. Ct. at 1526. We, therefore, vacate the district court's dismissal and remand the action for a determination of Appellant-Plaintiffs' claim.

VACATED AND REMANDED.