[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17120
Non-Argument Calendar

_____

D. C. Docket No. 05-22434-CV-UUB

DANNY ADAMS,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
SECRETARY OF THE STATE OF FLORIDA, Glenda E. Hood,
ATTORNEY GENERAL OF FLORIDA, Charlie Crist,
GOVERNOR, STATE OF FLORIDA, Jeb Bush,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Danny Adams, proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 1983 complaint. Adams argues on appeal that the district court erred in dismissing his complaint under the *Younger*[1] doctrine because federal courts must intervene whenever they have the power and there is an injury, and alternatively, that his loss of freedom constitutes a sufficient irreparable injury to justify intervention.

We review a district court's decision to abstain from exercising its jurisdiction for an abuse of discretion. *Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004).

"The Supreme Court has said that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.' But 'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings. While non-abstention remains the rule, the *Younger* exception is an important one." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (internal citations omitted). "Although *Younger* concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'" *Id.* The *Younger* doctrine bars federal court intervention in state

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*.

As alleged in his complaint, Adams's state child support enforcement case falls within these three prongs. The conduct he seeks to enjoin—a civil contempt finding accompanied by a threat of jail—indicates that the proceeding is pending. The ability to collect child support payments is an important state interest. Adams has also indicated that he had the opportunity to not only raise his constitutional issues in the state court proceedings, but also appeal them to a Florida District Court of Appeals. Therefore, we conclude from the record that the district court did not abuse its discretion by abstaining, under the *Younger* doctrine, from exercising its jurisdiction over Adams's claims. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**