[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10834
Non-Argument Calendar
_____

D. C. Docket No. 05-02741-CV-ODE-1

DAVID M. SHAPIRO,

Plaintiff-Appellant,

versus

S. LARK INGRAM, Judge, Superior Court
of Cobb County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 25, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

David M. Shapiro, proceeding pro se, appeals the dismissal of his "appeal," which the district court construed as a 42 U.S.C. § 1983 civil complaint, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Liberally construing his appellate briefs, Shapiro challenges this dismissal. For the reasons set forth more fully below, we affirm.

Shapiro's "appeal" was apparently based on a 1993 Georgia state court civil contempt proceeding. The district court construed Shapiro's pro se pleading as a challenge to Judge S. Lark Ingram's failure to recuse herself from an action to which Shapiro was a party. The district court further stated that it appeared that Shapiro was found in contempt and was displeased with that ruling. The district court found that it lacked jurisdiction, under the Rooker-Feldman[1] doctrine, over Shapiro's challenge to his contempt finding and Judge Ingram's denial of Shapiro's motions for her recusal. In addition, the district court found that Judge Ingram was absolutely immune from damages.

We review the district court's dismissal, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim de novo. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). We also review a grant of judicial immunity de

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Colombia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

2

novo.  <u>Smith v. Shook</u>, 237 F.3d 1322, 1325 (11th Cir. 2001).  We "may affirm the district court where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court."  <u>Bonanni Ship Supply, Inc. v. United States</u>, 959 F.2d 1558, 1561 (11th Cir. 1992).

Upon review of Shapiro's pleadings, we agree that Shapiro's main complaint was Judge Ingram's denial of two motions he filed seeking her recusal.  We are uncertain whether Shapiro alleged that he was wrongfully found in contempt, or whether he alleged that the court violated his rights by failing to rule on the contempt charge.  Furthermore, based on the pleadings before the district court at the time of its dismissal, it appears, although it is by no means clear, that state court proceedings were still ongoing.  Regardless of the status of the state court proceedings at the time of the district court's dismissal, the court's dismissal is due to be affirmed; even if the district court applied the <u>Rooker-Feldman</u> doctrine prematurely, comity concerns warrant abstention under <u>Younger</u>[2] as to injunctive relief, and Judge Ingram is entitled to absolute judicial immunity from damages.  <u>See</u> <u>The News-Journal Corp. v. Foxman</u>, 939 F.2d 1499, 1510 n.13 (11th Cir. 1991) (recognizing that incomplete state court review made federal suit premature under <u>Younger</u>, but, once state court review was final, federal review would have

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

3

been barred by <u>Rooker-Feldman</u>).

## A. <u>Younger</u>

Although abstention is the exception and not the rule, "[f]ederal courts should abstain from exercising their jurisdiction if doing so would 'disregard the comity between the States and the National Government.'" <u>Wexler v. Lepore</u>, 385 F.3d 1336, 1339 (11th Cir. 2004) (citation omitted). For abstention to be triggered, (1) the federal injunction must "create an 'undue interference with state proceedings,'" and (2) "the state proceedings at issue must involve 'certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . it has never been suggested that <u>Younger</u> requires abstention in deference to a state judicial proceeding reviewing legislative or executive action.'" <u>Id.</u> (citations omitted). "We interpret the <u>Younger</u> doctrine as preventing federal courts from being the grand overseers of state courts and court-like administration." <u>Id.</u> at 1341. <u>Younger</u> abstention applies to civil proceedings. <u>Id.</u> at 1339. The Supreme Court has recognized that a state's interest in its contempt process is of sufficient importance to warrant the application of <u>Younger</u> and that a federal court's interference with this process constitutes undue interference with a state's legitimate activities. <u>Juidice v. Vail</u>, 430 U.S. 327, 335-36, 97 S.Ct. 1211, 1217-18, 51 L.Ed.2d 376 (1977).

4

Shapiro essentially sought to overturn Judge Ingram's orders. This would have required the district court to direct Judge Ingram to reverse her prior rulings, effectively telling the state court how to run its contempt proceeding. Thus, any injunctive relief granted in this case would unduly interfere with state court proceedings. See id. at 335-36, 97 S.Ct. at 1217-18. This interference would relate to one of Judge Ingram's judicial functions – whether or not to recuse herself. To the extent that Shapiro challenged other decisions relating to a finding of contempt, administration of the case, and an evidentiary ruling, these also implicate Judge Ingram's judicial functions. Because of this direct interference with the judicial functions of a state court, comity would have warranted the district court's abstention as to any pending matters. See Wexler, 385 F.3d at 1339, 1341.

## B. Immunity

> Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations and quotation marks omitted).

5

To the extent that Shapiro sought damages, Judge Ingram is entitled to judicial immunity. Shapiro complains about rulings that Judge Ingram made during a contempt proceeding, Georgia Superior Courts have jurisdiction to punish for contempt, see O.C.G.A. § 15-1-4, and the pleadings neither allege nor provide grounds to suggest that Judge Ingram acted in the clear absence of all jurisdiction. See Sibley, 437 F.3d at 1070.

## C. Rooker-Feldman

The Rooker-Feldman doctrine provides that federal courts, other than the Supreme Court, lack jurisdiction to review the final judgments of state courts. Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003). Rooker-Feldman applies when the following four criteria are met: (1) the party in federal court is the same as in the state court; (2) the state court ruling was a final or conclusive judgment on the merits; (3) the plaintiff in federal court had a reasonable opportunity to raise his federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or inextricably intertwined with the state court's judgment. Id. "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." Blue Cross & Blue Shield of Maryland, Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989) (citing Wood v. Orange County, 715 F.2d 1543, 1548 (11th Cir. 1983)).

6

"A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)). Assuming that there was a final judgment on the merits at the time of the dismissal, the district court correctly dismissed the case based on Rooker-Feldman. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1333 (11th Cir. 2001) (noting that Rooker-Feldman bars claims that essentially seek to challenge a state court judgment).

## D. Conclusion

Judge Ingram has absolute immunity from damages. Either Younger abstention principles or the Rooker-Feldman doctrine precluded Shapiro's attempt to challenge Judge's Ingram's rulings in the district court. In light of the foregoing, the district court is

**AFFIRMED.**