[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11635
Non-Argument Calendar

_____

D. C. Docket No. 08-01628-CV-4-VEH

MARVIN ANTHONY HUDSON,

Plaintiff-Appellant,

versus

JOSEPH D. HUBBARD, District Attorney
of Calhoun County, Alabama,
MALCOLM B. STREET, JR., Circuit Judge,
individual and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 23, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Marvin Hudson, a state prisoner proceeding pro se, appeals the district court's application of Younger abstention to his motion to enjoin a pending state criminal proceeding and the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint. Seeing no reversible error, we affirm.

Hudson was arrested on charges for distribution of cocaine and resisting arrest in 2007. He moved to quash the warrants and to obtain copies of the supporting affidavits, and later moved for a writ of mandamus compelling their production. In response, the district attorney decided to nolle prosequi Hudson's charges, after which the state trial judge dismissed the mandamus petition. Thirty-two days later, the DA obtained a new indictment and reinstituted the charges. Hudson thereafter filed a Section 1983 civil rights claim in the Middle District of Alabama, alleging bad faith prosecution. He sought a stay of the criminal proceedings during the pendency of his Section 1983 claim, a permanent injunction against the DA (Hubbard) who brought the action, and declaratory judgment on the constitutionality of the warrant procedures in his case.

The magistrate judge reviewed Hudson's claims for frivolity, and recommended that the district judge abstain from issuing the injunctions and dismiss the Section 1983 suit sua sponte. The district judge agreed, concluding

that Younger v. Harris, 401 U.S. 37 (1971), precluded an injunction against the state trial. To the extent that Hudson sought dismissal of the charges against him, the district judge considered this effort a complaint on the fact or duration of his imprisonment. The district judge determined that such a complaint is cognizable only in 28 U.S.C. § 2254 habeas corpus proceedings, and not in Section 1983 suits. The court dismissed Hudson's complaint sua sponte, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. This appeal followed.

We review a district court's refusal to enjoin a state criminal proceeding for abuse of discretion. Wexler v. Lepore, 385 F.3d 1336, 1338 (11th Cir. 2004) (per curiam). We review de novo a decision to dismiss a claim under 28 U.S.C. § 1915A. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Federal courts should not enjoin pending state court criminal proceedings absent special circumstances. Younger, 401 U.S. at 53–54; Green v. Jefferson County Comm'n, 563 F.3d 1243, 1250 (11th Cir. 2009). "Our Federalism" requires that federal courts apply this abstention doctrine if the challenged proceeding is a "state judicial proceeding . . . implicat[ing] important state interests [and] there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (emphasis omitted). While state proceedings are

3

accorded a presumption of propriety, federal courts are not entirely barred from enjoining proceedings. See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004). The Supreme Court created exceptions to Younger abstention when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id. at 1363 n.6 (citing Younger, 401 U.S. at 53–54).

Hudson's claim is for "bad faith": he fails to meet either of the other exceptions. While he broadly claims that the district attorney and state trial judge acted in bad faith, Younger requires more. He must make a "substantial allegation" showing actual bad faith. See Younger, 401 U.S. at 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass). Hudson makes no allegation that the district attorney or judge acted with the kind of impropriety envisioned by the first Younger exception.[1] The district court properly declined to enjoin the state trial.

Hudson also argues that the district court erred when it sua sponte dismissed his claim under the PLRA. 28 U.S.C. § 1915A(b)(1) ("On review, the court shall .

---

[1]Hudson's arguments on the reinstituted proceedings are similarly unavailing. A decision to nolle prosequi a case in Alabama is not a final disposition of the matter. See Williams v. State, 494 So. 2d 819, 823–24 (Ala. Crim. App. 1986). The district court properly abstained from enjoining the state proceedings on this ground.

4

. . dismiss the complaint . . . if [it] fails to state a claim upon which relief may be granted."). Here, the magistrate judge treated Hudson's Section 1983 claim as a challenge to the "fact or duration of his confinement." The district court adopted the magistrate judge's recommendation that the claim be dismissed, as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).

The application to Hudson of the federal habeas statute -- here, 28 U.S.C. § 2254 -- is incorrect. Section 2254 habeas corpus relief challenges the fact or duration of a state criminal conviction: it is a postconviction remedy. See 28 U.S.C. § 2254(a) ("[A] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . .") (emphasis added). Here, Hudson is challenging a pendant state criminal proceeding; so, his petition is governed by § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (noting that all habeas petitions are governed by § 2241, and that § 2254's provisions do not apply to pretrial detention). To that end, the district court erred in accepting the magistrate judge's recommendation that Hudson's claims can only proceed on a § 2254 petition.[2]

_____

[2]Hudson's potential reliance on Heck v. Humphrey, 512 U.S. 477 (1994), and progeny would be misplaced, as those cases examine the interrelationship between Section 1983 claims

But this error is not reversible, because we may "affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered below." Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1232 (11th Cir. 2009) (citation and alterations omitted). No construction of Hudson's allegations or his complaint yield a cognizable claim under Section 1983. His complaint fails to allege involvement in wrongdoing by the named defendants, precluding a potential claim for false arrest or imprisonment. See Wallace, 549 U.S. at 389–90. Here, the named defendants caused or allowed Hudson to remain in prison "pursuant to [legal] process," for which a false arrest or imprisonment claim does not lie. Id. Hudson has similarly failed to allege facts (state prosecution has not ended in his favor) supporting a claim for malicious prosecution or for an improper warrant procedure in Calhoun County. His claims must be dismissed.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

and Section 2254 petitions. Section 2241 habeas petitions to stay state criminal proceedings are governed by the same abstention principles set out above. See Wallace v. Kato, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power [that is, the discretion] of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").