[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14103
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01047-MSS-DAB

HENRY MCCONE,

Plaintiff-Appellant,

versus

CITY OF ORLANDO,
a municipal corporation and political
subdivision of the State of Florida,
SCOTT ZOLLARS,
individually and in his official capacity,
CB RICHARD ELLIS, INC.,
NATALIE LALL,
individually and as an agent and
employee of CB Richard Ellis, Inc.,
ROM POWELL,
JANET THORPE,
REGINALD WHITEHEAD,
individually and in their official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(November 15, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Henry McCone appeals pro se the dismissal sua sponte of his complaint about the violation of his civil rights by the City of Orlando; Scott Zollars, the chief of the City parking bureau; CB Richard Ellis, Inc., a commercial building manager; Natalie Lall, an employee of Ellis; and Rom Powell, Janet Thorpe, and Reginald Whitehead, three judges of the Circuit Court of Orange County, Florida. 42 U.S.C. § 1983.  We affirm.

McCone's complaint stemmed from his receipt of four traffic citations for violating a municipal ordinance that prohibited parking in a space with an expired parking meter.  See Orlando, Fla., Code § 39.45.  McCone contested the citations. An officer of the City parking bureau held a hearing on one citation and found McCone guilty of the parking offense, but an official vacated the decision for the citation to be adjudicated before a judge.  After another hearing officer consolidated McCone's three other citations and adjudicated him guilty of the parking offenses, McCone appealed.  The Circuit Court of Orange County reversed two of McCone's adjudications, but affirmed his third adjudication.  McCone then

2

petitioned the Fifth District Court of Appeals for a writ of certiorari, which the court denied. Dissatisfied with that decision, McCone intended to "file[] in the 5th [District Court] [a] motion for rehearing, rehearing en banc, request for written opinion, and certification of conflict."

McCone sought monetary and injunctive relief from the defendants on the grounds that they had violated his rights of due process and equal protection by prosecuting the citations, denied him access to the traffic courts to appeal the decisions, and retaliated after he exercised his right to appeal. He alleged that the City could not prove that he had violated the parking ordinance; the City and Zollar had "abus[ed] the process and engag[ed] in extortion" when they prosecuted McCone's citations; and Ellis, Lall, and the City had revoked McCone's parking permit because he challenged the citations in the traffic court. McCone also alleged that a City official refused initially to file a form required to contest the citations, but McCone also alleged that the official later submitted the form to the traffic court. McCone attached to his complaint copies of his parking citations and his correspondence with City officials, the decision of the Circuit Court of Orange County, and partial transcripts of hearings before officers of the parking bureau. McCone moved to proceed as an indigent.

A magistrate judge recommended that the district court deny McCone's motion to proceed in forma pauperis and dismiss McCone's complaint. The

3

magistrate judge concluded that McCone could not obtain "review of the judgment entered in the state court concerning his parking citations" because "the state court decisions [were] not final" and, "[e]ven if the judgments were final, the Court [lacked] jurisdiction to review or overturn state court judgments adverse to [McCone]." See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923). In the alternative, the magistrate judge concluded that McCone failed to state a claim because the penalties that McCone faced did not implicate a constitutional right; the state court judges were entitled to absolute immunity; and McCone had failed to establish that Ellis and Lall were state actors.

The district court adopted the recommendation of the magistrate judge "in all respects" and dismissed McCone's complaint. The district court ruled that McCone's claims involving his prosecution for parking offenses were barred under the Rooker-Feldman doctrine and that McCone's claims against Ellis and Lall were "barred by the state actor requirement." The district court also ruled that McCone's claim "against judges . . . for the conduct of their judicial functions [was] . . . barred by the doctrine of absolute immunity."

We review de novo the dismissal of a complaint for lack of subject-matter jurisdiction, Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009), and for failure to state a claim, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997).

4

We also review de novo the grant of judicial immunity.  Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).  "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  Powers v. United States, 996 F.2d 1121, 1123–24 (11th Cir. 1993).

The district court correctly dismissed McCone's complaint.  McCone sought to overturn a decision of the state courts finding him guilty of one parking offense and to thwart prosecution of a second similar offense, but comity required that the district court abstain from interfering with McCone's ongoing proceedings in the state court.  See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1510 n.13 (11th Cir. 1991).  The district court could not grant McCone relief against the three state court judges because an injunction would have interfered with the judicial function of the state courts, see Wexler v. Lepore, 385 F.3d 1336, 1339, 1341 (11th Cir. 2004), and because the judges were immune from McCone's claim for damages, see Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005).  McCone lacked standing to seek relief for being denied access to the courts because he was permitted to challenge his citations in the traffic court.  See Jackson v. State Bd. of Pardons and Paroles, 331 F.3d 790, 797 (11th Cir. 2003).  And McCone failed to state a claim that Ellis and Lall acted under color of state law when they revoked McCone's parking permit.  See Focus

5

on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir.

2003).  The correspondence attached to McCone's complaint established that Ellis

decided unilaterally to revoke the parking permit because it did not want to

jeopardize its lease with the City.

We **AFFIRM** the dismissal of McCone's complaint.