[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15053
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00124-WBH

GAELLEN FABRE,

Plaintiff - Counter Defendant - Appellant,

versus

BANK OF AMERICA BANK, NA,

Defendant - Counter Claimant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 17, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gaellen Fabre, proceeding *pro se*, appeals the district court's grant of Bank of America's motion for summary judgment. Fabre argues that removal of his case from state court to federal court was improper, as the district court lacked jurisdiction, and that removal unduly interfered with the state court's exercise of its judicial functions. Additionally, Fabre asserts that he did not receive notice of the motion for summary judgment and was therefore denied the opportunity to respond before the district court ruled on the motion. Finally, he argues that the district court substantively erred when it granted summary judgment to Bank of America. After careful review, we affirm.[1]

## I. Motion to Remand

Fabre argues that the district court lacked authority to hear his case, as the original state court complaint raised no federal causes of action and did not seek federal relief. Additionally, he argues that Bank of America's removal of the case was untimely and that removal interfered with the functions of the state court.

---

[1]    Fabre also raises several issues in his initial brief without providing any argument as to their merits. Accordingly, we deem those issues waived and will not review them. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989); *see also Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1280 (11th Cir. 2012) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved . . . —will be considered abandoned." (quoting *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003)).

2

Finally, he argues that the *Rooker-Feldman*[2] doctrine precluded the district court from exercising jurisdiction over the state court's final judgment, and therefore the case should have been remanded back to the state court for lack of subject matter jurisdiction.

We review *de novo* questions of subject matter jurisdiction. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Federal courts are courts of limited jurisdiction that generally can consider only cases that involve federal questions or that meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.[3] Federal question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States. *Id.* § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

A named defendant's time to remove a suit from state court to federal court is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

---

[2]    *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[3]    Because we hold that federal question jurisdiction existed, we need not decide whether diversity jurisdiction also existed.

service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999) (internal quotation marks omitted) (holding that faxing a copy of the complaint to an opposing party is insufficient to trigger the time to remove a suit to federal court).

Federal court abstention from taking over state court litigation is warranted when action by the federal court would constitute undue interference with the state's legitimate activities. *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). Without a showing of such undue interference, abstention is not permitted. *Id.* at 1341.

District courts do not possess appellate jurisdiction to reverse or modify final orders of state courts, as that authority is expressly reserved within the federal judiciary to the Supreme Court. *Rooker*, 263 U.S. at 416, 44 S. Ct. at 150. The *Rooker-Feldman* doctrine is limited, however, to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). Importantly, in order for the *Rooker-Feldman* doctrine to apply, the state court proceedings must end, meaning a final judgment has been made and no appeals are pending in the state court action. *Nicholson v. Shafe*, 558 F.3d 1266, 1275-76 (11th Cir. 2009).

Here, removal was appropriate as the district court possessed subject matter jurisdiction over the suit. Fabre's complaint raised violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) *et seq.*, and sought relief under the FDCPA. Therefore, Fabre's complaint established federal question jurisdiction by raising federal law claims. Additionally, Bank of America timely sought removal, as it filed its motion within 30 days of receiving notice of the litigation. *See Murphy Bros.*, 526 U.S. at 347-48, 119 S. Ct. at 1325. As the district court had jurisdiction, and removal would not interfere with state court judicial functions, the district court properly declined to abstain and remand the case. *See Wexler*, 385 F.3d at 1339. Finally, the *Rooker-Feldman* doctrine was inapplicable to Fabre's suit at the time of removal as no final judgment had been issued in the case. *See Nicholson*, 558 F.3d at 1275-76. Accordingly, the district court did not err in granting removal of the suit to federal court and declining to abstain and remand.

## II. "Law of the Case" Doctrine

Fabre argues the "law of the case" doctrine precluded reconsideration of the state court's "final judgment," absent manifest injustice or clear error, and that no such injustice was present in this case, such that the district court should have remanded the case back to state court.

5

The law of the case doctrine generally precludes a court from reexamining issues decided upon an earlier appeal of the same case. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). The law of the case doctrine maintains the binding authority of prior appellate decisions in the same case, not past actions of state courts prior to removal. Non-dispositive state court holdings and orders do not trigger the law of the case doctrine. *Id.*

As the law of the case doctrine only applies to prevent review of prior appellate decisions, and non-dispositive state court holdings and orders do not trigger the doctrine, the district court was not bound by the state court's orders.

### III. Summary Judgment

### A. Procedural Error

Fabre contends that he never received notice of Bank of America's motion for summary judgment, nor did he receive a "Notice to Respond to Summary Judgment Motion Form" that Bank of America was required to send him. He argues that, because he did not receive proper notice of the motion, the district court improperly denied his motion to extend time to respond to the motion for summary judgment.

Motions for summary judgment must be served on opposing parties at least ten days prior to a hearing on the motion. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999). Appellants must be given sufficient opportunity to

6

respond to the motion and "offer the best defense to any challenge." *See id.* at 1204 (holding that a district court's *sua sponte* grant of summary judgment on a claim before the losing party had been given adequate time to gather evidence was reversible error). We review for abuse of discretion the denial of a motion to extend time to respond to a motion for summary judgment. *Young v. City of Palm Bay*, 358 F.3d 859, 863-64 (11th Cir. 2004).

Bank of America's motion for summary judgment was filed on February 10, 2012, and on the same day was mailed to Fabre's attorney. Fabre filed a motion to extend the time allowed for him to respond on March 14, 2012. The district court ruled on this motion five months later on August 30, 2012, during which time Fabre did not submit a response to the motion for summary judgment. Fabre had five months to respond to, and properly oppose, Bank of America's motion for summary judgment, but he instead did not file a response. Accordingly, the district court did not abuse its discretion by denying his motion for an extension of time to respond to the motion.

## B. Substantive Error

Fabre challenges Bank of America's standing in its non-judicial foreclosure action against his home. He argues that, because Bank of America transferred the note to US Bank and could not prove that it owned the note for his loan, it no longer had standing to prosecute the foreclosure.

7

We review *de novo* the grant of summary judgment. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 n.2 (11th Cir. 2013). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

With respect to standing, we note that consumer protection statutes provide few restrictions for proceeding in a foreclosure action in Georgia, largely focusing on the content and timing of notice prior to a forced sale. *See You v. JP Morgan Chase Bank, N.A.*, __ S.E.2d __, __, No. S13Q0040, 2013 WL 2152562, at *6 (Ga. May 20, 2013). Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure. *Id.*

Bank of America stated in the materials supporting its motion for summary judgment that it did not actually initiate foreclosure proceedings against Fabre's home, but rather US Bank, the purchaser of the note on behalf of a trust, initiated foreclosure after the note was formally assigned in 2011. Not being a party to the foreclosure, Bank of America's standing or lack thereof became irrelevant to this case. However, even if Bank of America was a party to the foreclosure, Fabre's allegation that it did not hold the promissory note in addition to the deed would not undermine its ability to pursue non-judicial foreclosure. *See id.*

8

As noted above, Fabre's standing argument is meritless, and he has abandoned his claims under the FDCPA and other federal laws. Because he did not present any evidence that undermined the rights of the lender—either Bank of America or US Bank, a nonparty—in the foreclosure of his home, the district court properly found that Bank of America was entitled to summary judgment.

## IV. Conclusion

For the reasons fully discussed above, we affirm the district court's grant of summary judgment to Bank of America.

**AFFIRMED.**