[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14253
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-01050-CLM

SIDNEY JACK NARCISO,

Plaintiff-Appellant,

H.N.,
minor son,

Plaintiff,

versus

MELODY BROOKS WALKER,
ex-officio Circuit Judge,
CHRIS G. MCCARY,
attorney with LSA,
LSA,
federally funded non-profit corporation,
SANDRIA V. NARCISO,
STACY JACKSON,
Cleburne County Alabama DHR worker,
DR. CASTRO,
Highland Health Center,
CLEBURNE COUNTY SHERIFF DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 30, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Sidney Jack Narciso appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint based on the <u>Younger</u>[1] abstention doctrine.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case stems from a divorce and custody battle.  In 2010, Narciso and his then-wife obtained a divorce and custody decree from an Alabama state court.  The next year, Narciso petitioned for a modification of the custody order.  After sitting on the state court docket for six years, the case was transferred to a different county and proceeded to a non-jury trial.  The court entered a modification order, and Narciso appealed.  After the Alabama Court of Civil Appeals and the Alabama Supreme Court dismissed his appeal, he filed a petition for a writ of certiorari in the United States Supreme Court.  That case was pending at the time Narciso filed the § 1983 suit in this case.  Relatedly, Narciso also filed a motion to modify his

---

[1] See <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

visitation rights in the state court. That, too, was pending when Narciso filed his § 1983 suit.

In his § 1983 suit, Narciso accused a multitude of state and private actors who were involved in his custody dispute—including the state trial court judge—of violating federal and state law. Narciso sought, among other things, declaratory relief stating that the defendants acted unlawfully and injunctive relief striking all previous orders issued by the state trial judge. The defendants filed a motion to dismiss Narciso's complaint, which the district court granted. The district court found that it should abstain based on the Younger doctrine. It determined that all three elements of the Younger abstention doctrine had been met. First, there were two ongoing state proceedings that paralleled the issues raised in the § 1983 case— the state court's modification order was the subject of a pending action in the United States Supreme Court and Narciso's pending motion to modify his visitation rights. Second, child custody disputes implicated important state interests. And third, Narciso could have raised his constitutional claims in state court. This appeal followed.

## DISCUSSION

Narciso argues that the district court "misapprehended" his § 1983 suit by failing to recognize three exceptions to the Younger abstention doctrine that were present in this case: (1) the state trial judge acted in bad faith; (2) the § 1983 suit was

3

Narciso's only vehicle for relief; and (3) Narciso was immediately and irreparably harmed by the state courts' decisions. "We review a district court's decision to abstain on Younger grounds for an abuse of discretion." Wexler v. Lepore, 385 F.3d 1336, 1338 (11th Cir. 2004).

The Younger abstention doctrine is "an extraordinary and narrow exception," Green v. Jefferson Cty. Comm'n, 563 F.3d 1243, 1251 (11th Cir. 2009) (internal citations omitted), to the general rule that a federal court has a "virtually unflagging obligation" to hear cases for which it has jurisdiction, 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Under the doctrine, federal courts should abstain from cases "involving pending state criminal prosecutions," "pending civil proceedings that are akin to a criminal prosecution," and "strictly civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems." Green, 563 F.3d at 1250–51 (internal quotation marks omitted). Narciso's suit clearly does not fall under the first two categories, but it satisfies the third. Under the third category, Younger abstention applies to claims for injunctive relief as well as claims for declaratory judgment that would effectively enjoin state proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997). Narciso's § 1983 suit was an attempt to enjoin an ongoing child custody dispute—a strictly state court civil proceeding. See 31 Foster

4

Children, 329 F.3d at 1279 n.11 (noting that the plaintiffs' request for declaratory and injunctive relief "would interfere with the ongoing state dependency hearings").

For a federal court to abstain in favor of state court proceedings, three questions must be answered in the affirmative: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." Id. (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (emphasis omitted) (alterations in original). The date a plaintiff files his complaint in federal court is the relevant date for purposes of determining the applicability of Younger abstention. See Liedel v. Juv. Ct. of Madison Cty., 891 F.2d 1542, 1546 n.6 (11th Cir. 1990).

In line with the district court, we conclude that all three questions are comfortably answered in favor of abstention. First, at the time this suit was filed, Narciso had a pending petition for writ of certiorari in the Supreme Court challenging the state court's custody order and a pending motion to modify his visitation rights in state court. Second, "[f]amily relations are a traditional area of state concern." Moore v. Sims, 442 U.S. 415, 435 (1979); see also Pompey v. Broward Cty., 95 F.3d 1543, 1548 n.6 (11th Cir. 1996) (noting that Younger may apply if "important state interests are at stake—namely, the state's interest in preserving the integrity of . . . its domestic relations cases." (internal quotation

5

marks omitted)). Third, we've said that "[a] federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" 31 Foster Children, 329 F.3d at 1279 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)). Narciso did not point to any authority to rebut this presumption. The requirements of Younger are met, which Narciso does not dispute. Rather, he claims that exceptions to the Younger doctrine precluded its application.

Younger and its progeny recognize certain exceptions to the doctrine, including: (1) there was evidence the state proceedings were motivated by bad faith; (2) there was no adequate alternative state forum where the constitutional issues could have been raised; (3) the state law being challenged was patently unconstitutional; or (4) more generally, a federal injunction was necessary to prevent great and irreparable injury. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626 (1986); For Your Eyes Alone, Inc., v. City of Columbus, 281 F.3d 1209, 1214 n.11 (11th Cir. 2002). Narciso contends that the first, second, and fourth exceptions apply to him. But, other than Narciso's unsupported allegations, the district court had no evidence of bad faith and irreparable harm. See Kirschner v. Klemons, 225 F.3d 227, 236 (2d Cir. 2000) ("Mere conclusory allegations . . . are insufficient to overcome Younger—a plaintiff seeking to avoid Younger must affirmatively demonstrate the justification for

6

application of an exception."); <u>Davis v. Self</u>, 547 F. App'x 927, 931 (11th Cir. 2013) (unpublished) (noting that "vague and conclusory allegations . . . do not rise to the level necessary to justify an exception to <u>Younger</u> abstention").  And Narciso has not proffered any reason why the Alabama state court was not an adequate alternative forum to raise his constitutional issues.  In fact, Narciso did raise constitutional claims in the certiorari petition and state court proceedings pending at the time he filed this federal case.  The district court did not abuse its discretion in finding that abstention, as opposed to retention, was more fitting for Narciso's § 1983 suit.[2]

> **AFFIRMED.**

---

[2] The district court also dismissed this case under the <u>Rooker-Feldman</u> doctrine and the "domestic relations exception" to federal jurisdiction.  Because we agree the district court properly abstained based on <u>Younger</u>, we don't need to reach the <u>Rooker-Feldman</u> and "domestic relations exception" issues.