[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11498

Non-Argument Calendar

————————————————

LILLIE M. MIDDLEBROOKS,

Plaintiff-Appellant,

*versus*

DISTRICT ATTORNEY OF FLOYD COUNTY, GEORGIA,
ASSISTANT DISTRICT ATTORNEY OF FLOYD COUNTY,
GEORGIA,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 4:24-cv-00102-WMR

————————————

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Lillie Middlebrooks entered the property of a nursing facility from which she had been banned, and when officers tried to arrest her, she resisted. Consequently, she was charged with criminal trespass and willful obstruction of law enforcement. The District Attorney and the Assistant District Attorney pursued these charges against her. Middlebrooks asked the district court to enjoin the state prosecution, alleging a First Amendment retaliation claim under 42 U.S.C. § 1983. The district court denied her motion for a preliminary injunction. Middlebrooks appealed.

On appeal, Middlebrooks, proceeding pro se, argues that the district court abused its discretion in three ways: (1) by ruling that she hadn't shown a substantial likelihood of success on the merits of her retaliation claim; (2) by deciding to abstain, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), from interfering with the state prosecution; and (3) by failing to grant her an evidentiary hearing on her motion for injunctive relief.

We review the denial of a preliminary injunction for abuse of discretion. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019). The abuse-of-discretion standard also applies to a district court's decision to abstain from exercising its jurisdiction. *Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004). "A district

court abuses its discretion if, among other things, 'it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" *Long*, 924 F.3d at 1175 (quoting *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1238 (11th Cir. 2017)).

First, success on the merits. "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "If [the movant] is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).

Here, Middlebrooks brings a First Amendment retaliation claim under § 1983. She alleges that the DA and the ADA are prosecuting her in retaliation for two federal civil-rights lawsuits that she filed. To succeed on her claim, Middlebrooks must show, among other things, that "a causal connection exists between the [prosecutors'] retaliatory conduct and the adverse effect on [her] speech and right to petition." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). Moreover, when, as here, "the governmental defendant has utilized the legal system to arrest or prosecute the plaintiff," the plaintiff must "plead and prove an

absence of probable cause as to the challenged retaliatory arrest or prosecution in order to establish the causation link between the defendant's retaliatory animus and the plaintiff's injury." *Id.*

Middlebrooks cannot establish a causal link between the prosecution and any retaliatory animus on the part of the prosecutors. First, by the time when Middlebrooks filed her civil-rights lawsuits, the prosecutors had already initiated their case against her. Second, the prosecutors had probable cause to pursue Middlebrooks's trespass charge. According to the police report, witnesses informed officers that Middlebrooks had trespassed, in spite of Middlebrooks's assertions to the contrary. Similarly, the prosecutors had probable cause to pursue Middlebrooks's obstruction-of-law-enforcement charge. The police report stated that, when officers tried to arrest Middlebrooks, she resisted—she pulled her arm away, sat on the ground, and said that officers would have to shoot her before she would go to jail. The existence of probable cause severs any causal link between Middlebrooks's prosecution and the retaliatory motive that she alleges. *See DeMartini*, 942 F.3d at 1289.

Accordingly, the district court did not abuse its discretion in denying Middlebrooks's request for injunctive relief.

Second, *Younger* abstention. To determine whether *Younger* abstention is warranted, we must consider three conditions: whether "(1) there is an 'ongoing' state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his

or her federal constitutional claims." *Tokyo Gwinnett., LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1268 (11th Cir. 2019) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The district court ruled that Middlebrooks's case meets all three conditions. Middlebrooks does not dispute this. Instead, she contends that, because the prosecutors were motivated by bad faith, the district court should refuse to abstain. "[A] federal court should refuse to abstain if . . . there is evidence the state proceedings are motivated by bad faith." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (quotation marks omitted and alterations adopted). Bad faith "in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975).

As explained above, the police report, which documented Middlebrooks's trespass and resistance to arrest, provided the prosecutors with a reasonable expectation that they would obtain a valid conviction. Middlebrooks has therefore failed to demonstrate that the bad-faith exception applies to her case. Accordingly, the district court did not abuse its discretion in deciding to abstain from exercising its jurisdiction.

Finally, Middlebrooks argues that the district court should have granted an evidentiary hearing on her motion for injunctive relief. But, where, as here, "material facts are not in dispute," "district courts generally need not hold an evidentiary hearing."

6                    Opinion of the Court                    24-11498

*McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1313 (11th Cir. 1998). Accordingly, the district court did not abuse its discretion in failing to grant a hearing.

The judgment of the district court is **AFFIRMED.**