[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB. 01, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-11487
Non-Argument Calendar

_____

D. C. Docket No. 08-01954-CV-ORL-22-GJK

ZINNIA I. CHEN,
biological mother of V.D. and D.D.,
CHARLIE H. DAVIS,
LEYDA E. CHEW,
MICHAEL TAYLOR,
MARY C. FOX,

                                                        Plaintiffs-Appellants,

versus

HON. KENNETH R. LESTER, JR.,
of the state of Florida, in his individual
capacity,
CLIFTON H. GORENFLO,
attorney, licensed by the state of Florida,
RACHEL A. GORENFLO,
attorney, licensed by the state of Florida,
ROBERT N. LERNER,
attorney, licensed by the state of Florida,
LEE M. SPAZIANO,
realtor, licensed by the state of Florida,
DONALD F. ESLINGER, Sheriff, state of Florida, et. al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 1, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Zinnia I. Chen, Charlie H. Davis, Leyda E. Chew, Michael Taylor, and Mary C. Fox, (collectively, "Plaintiffs" or "Appellants"), proceeding pro se, appeal from the district court's order dismissing their civil rights complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs brought claims under 42 U.S.C. § 1983 and other statutes against a variety of state and private actors. The district court based its dismissal as to each defendant on various grounds, including judicial immunity, qualified immunity, and failure to allege that the defendant was a state actor for purposes of § 1983. In addition, the district court also based its dismissal on Plaintiffs' failure to allege facts indicating that any defendant deprived them of a constitutional right and the fact that many of the statutes that Plaintiffs relied on did not create a private cause of action.

On appeal, Appellants raise the following arguments: the district court judge abused her discretion by refusing to recuse herself; the district court erred by

denying them leave to amend their complaint; the district court abused its

discretion by striking Plaintiffs' exhibit list and sealing certain exhibits; the district

court abused its discretion by denying Plaintiffs sufficient time to respond to the

defendants' motions to dismiss; and the district court abused its discretion by

denying Plaintiffs' requests to stay state court proceedings. We discuss these

arguments in turn below. It is unclear whether Appellants raise the issue of the

district court's grant of the defendants' motions to dismiss. Because the nature of

Plaintiffs' claims relates closely to the denial of leave to amend the complaint, we

will address the issue.


### I. Dismissal Under Fed. R. Civ. P. 12(b)(6)

An appellant, even when proceeding pro se, abandons an issue if he fails to

raise it in his initial brief. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008)

cert. denied, 129 S. Ct. 74 (2008). We review a district court's decision to dismiss

a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) de novo. Hill

v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the

light most favorable to the plaintiffs, and all of the plaintiffs' well-pleaded facts are

accepted as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th

Cir. 2007). The district court should consider only the pleadings and the exhibits

3

attached thereto. <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000). Further, "[i]n the case of a <u>pro se</u> action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990). In addition, we review a district court's decision to abstain under <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746 (1971) for an abuse of discretion. <u>See</u> <u>Wexler v. Lepore</u>, 385 F.3d 1336, 1338 (11th Cir. 2004).

## A. Plaintiffs' Claims for Damages Under 42 U.S.C. § 1983

### 1. Defendants Lester and Galluzzo

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." <u>Sibley v. Lando</u>, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." <u>Id.</u>

Plaintiffs' allegations against Judges Lester and Galluzzo are based on orders issued by the defendants, including custody orders and orders expelling Plaintiffs from the courtroom. Plaintiffs allege that these events arose out of cases pending before Judges Lester and Galluzzo. Issuing custody orders and expelling individuals from a courtroom are normal judicial functions. In this case, it is clear that Plaintiffs were dealing with Judges Lester and Galluzzo in their judicial capacity and that the complained of orders were issued in the defendants' judicial capacity. Because the defendants were acting in their judicial capacity, they are entitled to absolute immunity from Plaintiffs' claims for money damages under 42 U.S.C. § 1983. Accordingly, the district court did not err in dismissing the § 1983 claims against these defendants.

2. Defendants Morse, Dew, Tricomi, Phipps, Eslinger, Amin, Clem, Hess, Ochs, Nelson, and Gosh

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Andujar v. Rodriguez, 486 F.3d 1199, 1202 (11th Cir. 2007) (quotation marks and internal quotation marks omitted). "An official asserting the affirmative defense of qualified immunity must initially establish that he was

acting within his discretionary authority." Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1136 (11th Cir. 2007). "If the official was acting within the scope of his discretionary authority . . . the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity." Id. at 1136-37. "To overcome qualified immunity, the plaintiff . . . must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). When dealing with claims of qualified immunity, plaintiffs are required to allege facts that would defeat the claim of qualified immunity with "some specificity." GJR Invs. Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).

Plaintiffs allege that these defendant were employed by the state. Moreover, the specific allegations against these defendants all concern actions they took within their discretion as state employees. Therefore, Plaintiffs are required to show that these defendants violated a clearly established constitutional right in order to defeat the defendants' claims of qualified immunity. Plaintiffs have not met this burden. While Plaintiffs generally assert that these defendants' actions violated equal protection and due process, they fail to articulate what specific rights these defendants violated or to explain how these defendants violated those

6

rights.  In this case, Plaintiffs fail to allege with any specificity facts indicating that these defendants violated a constitutional right, let alone a clearly established constitutional right.  Accordingly, the district court did not err in dismissing the § 1983 claims against these defendants based on qualified immunity.

3. Defendants Smith, DeLeon, Lerner, and the Gorenflos

"In order to prevail on an action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  In deciding whether a private party can be viewed as a state actor, we look to see whether any of three conditions are met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[] ("nexus/joint action test").

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation marks omitted) (alterations in original).

Plaintiffs do not allege that any of these defendants are state actors. Moreover, Plaintiffs do not allege any facts indicating (1) that the state coerced or

7

encouraged these defendants to violate the Constitution, (2) that these defendants performed a public function, or (3) that these defendants are engaged in an interdependent relationship with the state such that they participated in a joint enterprise. Because Plaintiffs have not alleged facts indicating that any of these defendants were state actors, the district court did not err in dismissing the § 1983 claims against these defendants.

4. Defendants Bolar, Gardner, and Spaziano

Plaintiffs' amended complaint does not allege that these defendants performed any acts in connection with the alleged deprivation of Plaintiffs' constitutional rights. Plaintiffs list these defendants in their complaint but fail to allege what actions they performed, what constitutional rights they violated, or how they violated those rights. Accordingly, the district court did not err in dismissing the § 1983 claims against these defendants.

B. Younger Abstention

"Under [Younger] and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997). "Although Younger concerned state criminal proceedings, its principles are

fully applicable to noncriminal judicial proceedings when important state interests are involved." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (quotation marks omitted). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982). The Supreme Court has recognized, in the context of Younger abstention, that family relations and child welfare are important states interests. Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2371, 2383 (1979) ("Family relations are a traditional area of state concern."). Moreover, a federal court should assume that state procedures offer an adequate opportunity to raise constitutional issues, absent unambiguous authority indicating otherwise. 31 Foster Children, 329 F.3d at 1279.

After reviewing the state court docket, the district court concluded that state court proceedings were still ongoing at the time Plaintiffs filed their complaint. Plaintiffs do not challenge this finding on appeal. Therefore, the first Middlesex factor is applicable. Plaintiffs allege that their case arose primarily from a custody disputes involving allegations of child abuse. Because family relations and matters

9

of child custody are important state interests, the second Middlesex factor is satisfied. Considering the final Middlesex factor, Plaintiffs did not allege any facts indicating they that were precluded from raising their constitutional concerns in the state court proceedings. Therefore, the district court was justified in assuming that state procedures offer an adequate opportunity to raise constitutional issues. See id. Because all of the Middlesex factors are implicated in this case, the district court did not abuse its discretion by abstaining under Younger.[1]

C. Plaintiffs' Claims Under 42 U.S.C. § 1984

Sections 1 and 2 of § 1984 were declared unconstitutional by the Supreme Court. See Civil Rights Cases, 109 U.S. 3, 25-26, 3 S. Ct. 18, 32 (1883). The remaining sections were repealed by Congress in 1948. See Act of June 25, 1948, ch. 645, § 21, 62 Stat. 862. Accordingly, the district court properly dismissed Plaintiffs' claims under § 1984.

D. Plaintiffs' Claims Under 42 U.S.C. §§ 1985-1986

---

[1] We note that it is unclear whether Plaintiffs asked the district court to enjoin state court proceedings concerning the real estate dispute between Plaintiffs Taylor and Fox and Defendants Spaziano and Lerner. To the extent such relief was requested, it is unclear whether Younger would apply because Plaintiffs have not alleged sufficient facts to determine whether the dispute implicated important state interests. Nonetheless, any claim for injunctive relief regarding the real estate dispute would be properly dismissed because Plaintiffs failed to allege sufficient facts indicating the constitutional rights violated or how those rights were violated.

10

"The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002) (quotation marks omitted). Moreover, a plaintiff must show that the defendants were motivated by racial or class-based "invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971). Section 1986 conspiracy claims are "derivative of § 1985 violations." Park v. City of Atlanta, 120 F.3d 1157, 1159-60 (11th Cir. 1997).

Because Plaintiffs failed to allege that they are members of a protected class or that the defendants were motivated by racial or class-based "invidiously discriminatory animus," Plaintiffs' § 1985 claims must fail. Because § 1986 claims are derivative of § 1985 claims, Plaintiffs' § 1986 claims must fail as well. Accordingly, the district court did not err in dismissing those claims.

E. Plaintiffs' Claims Under 4 U.S.C. §§ 101-102

These statutes, relating to oath requirements for certain state officials, do not

11

create a private cause of action. Accordingly, the district court did not err in dismissing those claims.

F. Plaintiffs' Claims Under 18 U.S.C. §§ 4, 241-242, and 2382-2383

Criminal statutes generally do not provide a private cause of action. See Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002). Because these are all criminal statutes, the district court did not err in dismissing those claims.

G. Plaintiffs' Claims for Breach of Agreement

Plaintiffs appear to allege that certain defendants violated the divorce decree and marital settlement between Plaintiff Chen and Defendant DeLeon. This agreement was reduced to an order of the family court. In effect, Plaintiffs request that the district court enforce an order entered by the state court. Because it would have been improper for the district court to grant such relief, the district court did not err in dismissing those claims.

H. Plaintiff's Claims for Violation of Fla. Stat. § 39.0132

This statute governs the state's maintenance of certain records. It appears to be designed for the protection of the public, and nothing indicates that it creates a

private cause of action.  See Love, 310 F.3d at 1352-53.  Because the statute does not create a private cause of action, the district court did not err in dismissing those claims.

I. Plaintiffs' Claims for Violation of Fifth Amendment

Because Plaintiffs did not allege that any defendants were federal officials, claims brought under the Fifth Amendment were properly dismissed.  See Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997) ("The Fifth Amendment obviously does not apply here–the acts complained of were committed by state rather than federal officials.").  To the extent that these claims could be construed as claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, see Porter v. White, 483 F.3d 1294, 1297 n.1 (11th Cir. 2007) (referring to party's Fifth Amendment claims against non-federal officials as claims under the Fourteenth Amendment), the claims would be properly dismissed for the reasons already discussed.  Accordingly, the district court did not err in dismissing those claims.

It is somewhat unclear whether Appellants raise the merits of the district court's order granting the defendants' motions to dismiss as an issue on appeal.  As discussed, the district court did not err in dismissing Plaintiffs' complaint on the grounds enumerated in its order.  Thus, to the extent that Appellants raise this

issue, we conclude that it lacks merit.

## II. Denial of Motion for Recusal

We review a district court judge's decision whether to recuse herself for abuse of discretion. Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1319-20 (11th Cir. 2002). Under 28 U.S.C. § 455(a), a judge "'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting 28 U.S.C. § 455(a)). This standard is objective, "and requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Id. (quotation omitted). "[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." Id.

Appellants' proffered grounds for recusal relate to unfavorable rulings issued by the district court in this case or previous cases. Specific instances include the district court's failure to grant Plaintiffs' petitions for a writ of mandamus to the state courts and a ruling in a previous case that the Plaintiffs characterize as an incorrect ruling on the Rooker-Feldman doctrine. The Plaintiffs

14

have not demonstrated pervasive bias on the part of the district court. Because Plaintiffs' argument for recusal is based on their disagreement with the district court's rulings in this case or related cases, Plaintiffs have failed to demonstrate a sufficient basis for recusal.

Our review of the record reveals no indication that the district court judge's impartiality could reasonably have been questioned. Accordingly, we conclude that the district court did not abuse its discretion in denying Plaintiffs' motions for recusal.

### III. Denial of Motion for Leave to Amend the Amended Complaint

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law de novo." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007) (citation omitted). Thus, when a district court denies leave to amend on the basis that amendment would be futile, we review that decision de novo. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, the party must obtain the court's leave or the other party's

consent before amending its pleading a second time. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (quotation marks and alteration omitted). "A motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Id. (quotation marks and alteration omitted). An amendment is futile where the amended complaint would still be subject to dismissal. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Plaintiffs, having already amended their complaint once, allege that they would make out claims under the Fifth and Fourteenth Amendments, as well as claims of fraud and violations of ABA rules, if leave to amend their complaint again was granted. Plaintiffs' motions, however, do not indicate what law or facts their amendments would include, nor do they indicate how their amendments would cure the deficiencies in their complaint. Specifically, Plaintiffs fail to show they could provide information to defeat certain defendants' entitlement to judicial immunity or qualified immunity. Plaintiffs also fail to demonstrate how their amendments would show certain defendants that are private actors were actually

16

state actors, as necessary to establish liability under 42 U.S.C. § 1983. Plaintiffs further fail to demonstrate how they would show certain defendants committed fraud. Moreover, the ethical rules prescribed by the ABA do not provide individuals with a private cause of action. Because Plaintiffs' amendments would not cure the deficiencies present in their complaint, their amendments would be futile.

Our review of the record demonstrates that, even if Plaintiffs amended their complaint, they would not have been able to state a cause of action. Accordingly, any amendment by Plaintiffs would have been futile, and the district court did not err in denying Plaintiffs leave to amend the complaint

**IV. Objection to Order Striking Exhibit List and Motion to Unseal Documents**

We review a district court's evidentiary rulings, including an order striking evidence from the record, for abuse of discretion. Hall, 367 F.3d at 1259. We will reverse a district court's decision only where substantial prejudice exists. Id.

Because the issue before the district court was whether the complaint was properly dismissed under Fed. R. Civ. P. 12(b)(6) and Plaintiffs did not attach their evidentiary list to the complaint, the district court had no need to consider Plaintiffs' evidentiary list. See Grossman, 225 F.3d at 1231. As a result, Plaintiffs

were not prejudiced by the district court's order striking the list. Moreover, because the evidence placed under seal was of a sensitive nature, the district court had a reasonable basis for sealing those exhibits.

We conclude that Plaintiffs were not prejudiced by the district court's order striking their exhibit list, and that the district court had a reasonable basis for sealing certain exhibits filed by Plaintiffs. Accordingly, the district court did not abuse its discretion in striking the exhibit list or sealing certain exhibits.

## V. Plaintiffs' Opportunity to Respond to Motions to Dismiss

"Pretrial orders on the conduct of litigation are reviewable only for abuse of discretion." Harrington v. Cleburne County Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001). Moreover, "[a] district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Prop., Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (internal quotation marks omitted).

The record demonstrates that Plaintiffs were granted an extension of time within which to file their briefs in response to the defendants' motion to dismiss. Furthermore, the record demonstrates that the magistrate judges properly recused themselves because of their connections to counsel for certain defendants. The

18

district court simply changed the case number as a matter of course to reflect the initials of the newly assigned magistrate judge. Because none of these actions were improper, the district court did not abuse its discretion.

Here, our review of the record shows that the district court did not deprive the plaintiffs of sufficient time within which to respond to the defendants' motions to dismiss, and, thus, did not abuse its discretion.

## VI. Denial of Motion to Stay State Court Proceedings

We review a district court's decision whether to stay state court proceedings for an abuse of discretion. In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1250 (11th Cir. 2006)   We have explained that:

> The Anti-Injunction Act directs that a court of the United States may not grant an injunction to stay proceedings in a state court except: (1) as expressly authorized by Act of Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgments. The Act functions as an absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions, and thereby prevents needless friction between state and federal courts.

Id. at 1249-50 (quotation marks, citations, and alteration omitted).

The record indicates that in their petitions for mandamus, requesting the district court to stay state court proceedings, Plaintiffs failed to articulate facts that would bring this case within any of the strict exceptions. Id. at 1250 (noting that

19

"lower courts are to interpret these exceptions strictly"). Because Plaintiffs did not provide the district court with any justification for staying state court proceedings, the district court did not abuse its discretion by denying Plaintiffs' requests to do so.

## Conclusion

Because our review of the record demonstrates that Appellants' arguments lack merit, we affirm.

**AFFIRMED.**[2]

---

[2] Appellants' motion to stay state court proceedings is DENIED.