[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13551
Non-Argument Calendar

_____

D. C. Docket No. 08-14164-CV-DLG

SIEGFRIED GILBERT CHRISTMAN,

Plaintiff-Appellant,

versus

CHARLIE CRIST,
Governor of the State of Florida in
his personal capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 20, 2009)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Siegfried Christman, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint. On appeal, Christman argues the district court abused its discretion by dismissing his case pursuant to the *Younger*[1] doctrine. After review of the record and the appellant's brief, we find no reversible error.

"We review a district court's decision to abstain from exercising its jurisdiction for an abuse of discretion." *Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004). "An error of law constitutes an abuse of discretion." *Id.* Although "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,'. . . in exceptional cases [they] may and should withhold equitable relief to avoid interference with state proceedings. While non-abstention remains the rule, the *Younger* exception is an important one." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (internal citations omitted). *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id.*

All three prongs of the *Younger* doctrine are met in this case. In his

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971)

complaint, Christman claims the Florida Judicial Administrative Commission's restrictions on the rates paid to witnesses in indigent state criminal proceedings are delaying his trial on DUI charges.  This admission indicates the state proceedings are ongoing. The ability to prosecute DUI charges is an important state interest, and Christman will have an opportunity to raise his constitutional issues in the state court proceedings.  The court did not abuse its discretion when it abstained under the *Younger* doctrine.  Therefore, we affirm the district court's order.

**AFFIRMED.**