[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14885
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61038-RNS


ERIC TURNER,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,
HOLLYWOOD POLICE DEPARTMENT,
DETECTIVE CYNTHIA BATES,
OFFICER K. BECKFORD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 4, 2013)

Before DUBINA, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Eric Turner (Turner), proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action against Broward County Sheriff's Office (BCSO), Hollywood Police Department, Detective Cynthia Bates (Bates), and Officer K. Beckford (Beckford) (collectively, Defendants), in which he alleges that he was arrested based upon falsified police reports and affidavits.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I.    Background

The magistrate judge determined that Turner's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and, alternatively, *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).  The district court adopted the magistrate's recommendation over Turner's objections, dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

On appeal, Turner contends that Defendants falsely arrested and illegally detained him in violation of the Fourth and Fourteenth Amendments.  He argues that Defendants should be held liable because he was arrested only after Bates submitted a falsified probable-cause affidavit to the state court.[1]

---

[1] Additionally, Turner argues for the first time on appeal that has was detained without being "routinely process[ed]" back into BCSO's jail, in violation of his due process rights.  As this argument was not raised before the district court, we will not consider it.  *See Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877(1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")).  Similarly, the exhibits that Turner submits with his appellate brief which are not part of the record on appeal will not be

## II.    Legal Standards

We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  We liberally construe pro se briefs.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Under § 1915(e)(2)(B)(ii), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint does not need detailed factual allegations to survive a motion to dismiss, the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

---

considered.  *See* Fed. R. App. P. 10(a); *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007).

3

Under *Heck v. Humphrey*, a plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983 if a judgment in the plaintiff's favor would render a state conviction or sentence invalid, unless the plaintiff proves that the conviction or sentence has been invalidated by an entity with the authority to do so.  *Heck*, 512 U.S. at 486-87; 114 S. Ct. at 2372.  Accordingly, when a state prisoner brings a § 1983 claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.*; *see Hughes*, 350 F.3d at 1160–61 n.2 ("Thus, the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.").  If the claim would necessarily imply the invalidity of the conviction or sentence and the plaintiff cannot establish that the conviction or sentence already has been invalidated, then the court must dismiss the complaint.  *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.  Typically, a § 1983 action necessarily implies the invalidity of a conviction if the action requires negating an element of the offense of conviction.  *See id.* at 486–87 n.6.  However, *Heck* is not implicated if there is not a "*necessary* logical connection between a successful § 1983 suit and the negation of the underlying conviction."  *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (emphasis in original).

Further, the *Heck* bar applies only when there is a conviction or sentence that has not been invalidated.  *Wallace v. Kato*, 549 U.S. 384, 393, 127 S. Ct. 1091,

4

1098 (2007) (indicating that *Heck* did not preclude "an anticipated future conviction"). Moreover, where a plaintiff brought a § 1983 suit alleging arrest without probable cause, and participated in Florida's pretrial intervention program, we held that because plaintiff was not convicted of any offense, *Heck* preclusion did not apply. *McClish v. Nugent*, 483 F.3d 1231, 1251–52 (11th Cir. 2007).

In *Younger*, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. at 41, 91 S. Ct. at 749. The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004). Accordingly, *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Christman v. Crist*, 315 Fed. Appx. 231, 232 (11th Cir. 2009); *31 Foster Children v. Bush*, 329 F.3d 1255, 1275–82 (11th Cir. 2003).

Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an "embryonic stage and no contested matter [has] been decided." *For Your Eyes Alone, Inc. v.*

5

*City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (internal quotation marks omitted); *see Redner v. Citrus Cnty.*, 919 F.2d 646, 649 (11th Cir. 1990) (explaining that *Younger* abstention is appropriate where the state prosecution commenced after the federal complaint was filed but before any proceedings on the merits had taken place in federal court). However, *Younger* abstention is inappropriate if there is no pending state criminal prosecution of the plaintiff. *Steffel v. Thompson*, 415 U.S. 452, 462, 94 S. Ct. 1209, 1217 (1974) (noting that the principles underlying *Younger*'s abstention doctrine, including equity, comity, and federalism, have little force where there is no pending state proceeding). We review the district court's decision to abstain based on *Younger* for abuse of discretion. *For Your Eyes Alone*, 281 F.3d at 1216.

## III.    Discussion

First, we take judicial notice that Turner was sentenced, on August 27, 2013, to ten years for false imprisonment and five years for "2+ simple battery," based on offenses he committed on November 8, 2011.[2] Based upon this information, at the time the district court dismissed Turner's complaint, the charges which resulted in these convictions were still pending. It appears that, given Turner's state criminal convictions were not final at the time he filed his complaint, his claims would not

---

[2] Turner was sentenced after he filed his appeal brief on June 3, 2013. *See* Offender Information Search, Fla. Dep't of Corr., http://www.dc.state.fl.us/AppCommon (search DC Number Q03280); *see also* Fed. R. Evid. 201 (permitting a court, at any stage of a proceeding, to take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

be barred by *Heck*.  *See Wallace*, 549 U.S. at 393, 127 S. Ct. at 1098 (rejecting an extension of the *Heck* bar which would preclude § 1983 claims before the plaintiff has been convicted); *McClish*, 483 F.3d at 1250–52.  Nevertheless, because we find that the district court properly abstained from the merits of this case pursuant to *Younger*, we need not decide whether this case was barred by *Heck*.

We conclude that the district court did not abuse its discretion by deciding that Turner's claims were precluded by *Younger*.  Indeed, *Younger* abstention was appropriate because (1) the state criminal proceedings against Turner were pending; (2) criminal proceedings involve important state interests; and (3) Turner could have raised his constitutional challenges in the state criminal proceedings. *See Middlesex*, 457 U.S. at 432, 102 S. Ct. at 2521.  The record indicates that Turner's state criminal proceedings commenced prior to his filing a complaint or any proceedings of substance on the merits of this case, and thus *Younger* abstention was appropriate.  *See For Your Eyes Alone*, 281 F.3d at 1217. Accordingly, the Court affirms on this ground.

**AFFIRMED.**

7