**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13558

Non-Argument Calendar

_____

ROBERT EDWARD FIEDLER,
MURIEL FIEDLER,

*Plaintiffs-Appellants,*

*versus*

JUDGE SUSAN STACY,
NANCY BRANDT,
   Esq.,
GENNIFER BRIDGES,
   Esq.,
GINGER BOYD,
   Esq.,
ADAM J. KNIGHT,
   Esq., et al.,

*Defendants-Appellees,*

WELLS FARGO BANK N.A., et al.,

*Defendants.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01958-CEM-RMN

———————————————

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

In 2015, Wells Fargo Bank filed a foreclosure action in Florida state court against Robert Fiedler and Muriel Fiedler after they defaulted on their residential mortgage loan. The Fiedlers, proceeding *pro se*, challenged the foreclosure proceedings, arguing that the promissory note was invalid and, therefore, Wells Fargo lacked legal authority to enforce the mortgage. The Fiedlers also alleged fraud, judicial bias, and violations of state procedural rules.

In September of 2023, the Fiedlers appealed an adverse ruling by the state trial court to Florida's Fifth District Court of Appeal. The Fifth District dismissed their appeal for lack of jurisdiction because the foreclosure action was still pending, and the ruling was not ripe for appellate review.

The Fiedlers then filed the present action in federal court against a state judge, various attorneys, and Wells Fargo, asserting that continuation of the state foreclosure proceedings would violate their constitutional rights. They also asked that the district court enjoin the enforcement of state court orders that estopped them from raising some defenses and engaging in certain actions,

including sequestering the promissory note to examine its authenticity. The Fielders also filed a motion to proceed *in forma pauperis*.

The magistrate judge issued a report and recommendation suggesting that the district court deny the *in forma pauperis* motion and dismiss the Fiedlers' complaint on *Younger* abstention grounds, while granting them leave to file an amended complaint. *See Younger v. Harris*, 401 U.S. 37, 54 (1971). The Fiedlers objected to the report and recommendation on numerous grounds and filed an amended motion to proceed *in forma pauperis*. The magistrate judge then issued a second report and recommendation, reiterating the same position in its first report and recommendation over the Fiedlers' objections. Fiedlers then sought to withdraw their *in forma pauperis* motion, expecting to receive an inheritance. The magistrate judge denied their motion to withdraw, concluding that the *in forma pauperis* motions would be denied as moot once the Fiedlers paid the filing fee, which they were free to do at any time.

The district court entered an order adopting the magistrate judge's reports and recommendations dismissing their claims for injunctive relief on *Younger* abstention grounds and staying their claims for monetary relief. The Fiedlers now appeal.

## I

The Fiedlers allege due process and equal protection violations under the Fourteenth Amendment and claim that the foreclosure action was pursued in bad faith and in retaliation. They challenge the district court's dismissal of their claims, the denial of their

motion to proceed *in forma pauperis*, and the denial of their request to withdraw that motion.

The district court dismissed the Fiedlers' complaint under the *Younger* abstention doctrine, ruling that the abstention factors outlined in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), were satisfied and that no exception, including bad faith, applied. On appeal, the Fiedlers argue that *Younger* abstention did not preclude the court from hearing their claims. They argue that their case falls within an exception to *Younger* because the foreclosure proceedings were pursued in bad faith and in retaliation.

Before turning to the merits, we first address a pending procedural motion. The Fiedlers ask us to take judicial notice of several state court filings related to their ongoing foreclosure proceedings. Specifically, the Fiedlers request judicial notice of: (1) a motion for reconsideration filed in state court; (2) a proposed order allegedly prepared by opposing counsel in the foreclosure action; and (3) docket entries and other correspondence purporting to show judicial bias or irregularities in the foreclosure process.

We deny the motion in part as moot to the extent that it seeks judicial notice of a motion that is already part of the record. *See* Fed. R. Evid. 201(b)(2) (allowing a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources who accuracy cannot reasonably be questioned"); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (noting that state court records "generally satisfy th[e

Rule 201] standard"). We also deny the remainder of the motion because the additional documents do not assist us in resolving the legal questions presented in this appeal, are either duplicative of existing material in the record, or are not properly subject to judicial notice. *See Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (concluding that judicial notice was not proper for materials that are irrelevant or disputed).

## II

We review a district court's decision to abstain on *Younger* grounds for an abuse of discretion. *See Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004). That standard is deferential, and we will reverse only if the district court committed a clear error of judgment or an error of law. *See id.*

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal citation and quotation marks omitted) (recognizing the limited abstention doctrines). Nonetheless, "[w]hile the federal courts have a virtually unflagging obligation to hear the cases before them, the *Younger* doctrine presents a narrow exception." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (internal citation and quotation marks omitted) (describing the limited exceptions that permit a federal court to interfere with an ongoing state proceeding). "[O]nly the clearest of justifications merits abstention, and where *Younger*'s prerequisites are not satisfied, federal courts must exercise their

jurisdiction." *Id.* (internal citation and quotation marks omitted). The three types of state proceedings subject to *Younger* abstention are: "(1) criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain order that are uniquely in furtherance of the state courts' judicial functions." *Id.* at 907–08 (internal citation and quotation marks omitted).

In *Younger*, the Supreme Court ruled that federal courts should generally abstain from enjoining ongoing criminal proceedings in state courts. *See* 401 U.S. at 43–49. That doctrine has since been extended to certain civil proceedings. *See Middlesex*, 457 U.S. at 432; *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). Where a federal lawsuit seeks to resolve the same issue pending in state court, and the federal court is asked to interfere in the state proceeding, the federal court will consider three factors to determine whether *Younger* abstention is warranted: (1) whether the state proceeding is ongoing at the same time as the federal one; (2) whether the state proceeding implicates an important state interest; and (3) whether the state proceeding provides an adequate opportunity to raise the federal claims. *See Middlesex*, 457 U.S. at 432; *Leonard*, 61 F.4th at 908.

## A

We begin our inquiry by examining whether the *Middlesex* factors are satisfied. Courts have provided guidance on how to apply each of the *Middlesex* factors. The first factor is met when a state proceeding is pending at the time the federal complaint is filed, and the state court maintains jurisdiction over the matter or is actively

enforcing its orders. *See 31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). The second factor is satisfied when the state proceeding implicates a significant state interest, such as the operation of its judicial system or the enforcement of court judgments, particularly those involving property rights. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987). The third factor is fulfilled when the state forum permits the litigants to raise their federal constitutional claims. A forum is generally adequate unless the plaintiff is procedurally barred from presenting such claims, and general objections to the complexity or adequacy of state procedures are insufficient. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996); *Leonard*, 61 F.4th at 909.

In this case, all three *Middlesex* factors are satisfied so as to warrant *Younger* abstention. First, the state foreclosure action remained active in state court when the Fiedlers filed their federal complaint in October of 2023. Indeed, Florida's Fifth District dismissed the Fiedlers' interlocutory appeal for lack of jurisdiction because the foreclosure proceedings were still ongoing. *See also 31 Foster Child.*, 329 F.3d at 1276 (determining that an ongoing state judicial proceeding exists when the state court is actively involved in overseeing or enforcing orders in a case). Second, Florida has a compelling interest in adjudicating mortgage foreclosure actions and enforcing court orders involving real property. *See BFP v. Resol. Tr. Corp.*, 511 U.S. 531, 544 (1994) ("[T]he general welfare of society is involved in the security of the titles to real estate and the power to ensure that security inheres in the very nature of [state] government[.]") (internal citation and quotation marks omitted). Third,

the Fiedlers have the opportunity to raise their constitutional concerns in state court. Their filings alleged judicial misconduct and procedural unfairness, and Florida law permits constitutional challenges to be raised at both the trial and appellate level. Indeed, "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Burt v. Titlow*, 571 U.S. 12, 19 (2013) (citation omitted). *See also Pompey*, 95 F.3d at 1551 (explaining that the third *Middlesex* factor is contingent on whether the plaintiff was procedurally prevented from raising his constitutional claims in state court, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court).

Moreover, the Fiedlers' federal complaint implicated "orders that [were] uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 368. We consider this to be one of the "three types of state proceedings" warranting *Younger* abstention. *See Leonard*, 61 F.4th at 907–08. Because its assessment of the *Middlesex* factors was consistent with precedent and supported by the record, the district court did not abuse its discretion in abstaining under *Younger*.

**B**

The Fiedlers argue that, even if the *Middlesex* factors are met, the district court should not have abstained because their case presents an "extraordinary circumstance." *Leonard*, 61 F.4th at 908. The exceptions that qualify as extraordinary circumstances are narrow, and the plaintiff bears the burden of proving them. *See Tokyo*

*Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267 (11th Cir. 2019) (noting that vague and conclusory allegations do not rise to the level necessary to justify an exception to *Younger* abstention).

The Fiedlers assert that the foreclosure proceeding falls within the bad faith exception to *Younger* abstention. This exception applies only when the state proceeding was brought with no reasonable expectation of success and for the purpose of harassing the party for constitutionally protected conduct. *See Wexler*, 385 F.3d at 1340. We are not persuaded by the Fiedlers' argument.

First, the Fiedlers never specifically raised a bad faith argument in the district court. *See Ramirez v. Sec'y, Dep't of Transp.*, 686 F.3d 1239, 1249–50 (11th Cir. 2012) (arguments not raised below are considered forfeited on appeal). The Fiedlers' complaint was framed broadly, in general terms, and primarily alleged that the foreclosure judgment was "unfair" because the state trial court ignored evidence, refused to vacate prior rulings, and accepted allegedly fraudulent documentation. But such mere allegations alone do not present a cognizable claim of bad faith prosecution or intentional harassment. *See Younger*, 401 U.S. at 46–47.

Second, even assuming that the bad faith issue had been preserved, the Fiedlers' argument fails on the merits. The bad faith exception is narrow and applies only when a proceeding is brought without a reasonable expectation of success and in retaliation for constitutionally protected conduct. *See Wexler*, 385 F.3d at 1340 (explaining that bad faith involves improper motivation, such as retaliation); *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (identifying the

bad faith exception to *Younger* exception as where "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction").

Here, Wells Fargo initiated the foreclosure action based on the Fiedlers' admitted default on their mortgage obligations. The Fiedlers' complaint contains no credible allegations that the lawsuit was retaliatory or frivolous. Although the Fiedlers take issue with the state court's rulings and procedures, adverse judicial decisions, without more, do not give rise to federal jurisdiction or qualify for the *Younger* exception. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975) (dissatisfaction with the decision of a state trial court does not warrant federal intervention unless one of the *Younger* exceptions applies).

## C

We review rulings on motions to proceed *in forma pauperis* and to withdraw such motions for abuse of discretion. *See Martinez v. Kristi Kleaners, Inc.* 364 F.3d 1305, 1306–07 (11th Cir. 2004). The district court correctly determined that the Fiedlers were not entitled to proceed *in forma pauperis*. The court ruled that the Fiedlers were able to pay the filing fee and that none of their substantial rights were affected by the denial of their motion. The court also denied the Fiedlers' request to withdraw the *in forma pauperis* motion because it viewed their request as an attempt to avoid a ruling on their financial eligibility. Because these rulings did not affect the Fiedlers' substantial rights and appellate courts should generally disregard errors that do not affect the substantial rights of the

parties, we conclude that the district court did not commit reversible error in denying both motions. *See* 28 U.S.C. § 2111; Fed. R. Civ. P. 61.

## D

Finally, although we construe *pro se* filings liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted). An appellant fails to adequately brief a claim when he or she does not plainly and prominently raise it in his or her opening brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). The Fiedlers included only a passing reference to the district court's stay of their monetary claims. Because the Fiedlers failed to raise any developed argument challenging that ruling, we consider the issue abandoned and do not reach it.

## III

We conclude that the district court did not abuse its discretion in dismissing the Fiedlers' claims for injunctive relief on *Younger* abstention grounds because all three *Middlesex* factors were met and no exception to abstention applied. We also affirm the district court's denial of the Fiedlers' *in forma pauperis* motion and subsequent request to withdraw that motion.

**AFFIRMED.**